**Florence M. FAGAN, Appellant,**

v.

**William E. FAGAN, Sr., Respondent.**

**No. 25096.**

Kansas City Court of Appeals.

Missouri.

Dec. 3, 1969.

Florence M. Fagan, pro se.

No appearance for respondent.

HOWARD, Presiding Judge.

Appellant, representing herself, filed a pleading in the circuit court of Clay County, Missouri, entitled "Petition for Dissolution of Marital Relationship". On motion the trial court dismissed the petition because of a prior final decree of divorce. Appellant has appealed from such dismissal. Appellant was not represented by an attorney in this court. Respondent has made no appearance in this court. We shall refer to the parties as they appeared below.

Plaintiff's petition which she drafted herself prayed the trial court to dissolve the relationship between herself and her former husband because it was null and void from its inception "and/or by means of divorce". It appears that Mr. and Mrs. Fagan were married in Cass County, Missouri in 1941. There were three children born of the marriage, two of which had reached their majority at the time of the hearing on the motion to dismiss and the third was over twenty-one years of age at the time this cause was submitted to this court. The records of the circuit court of Clay County, Missouri, were introduced in evidence and read into the record at the hearing on the motion to dismiss. From the official records of the circuit court, it appears that on December 8, 1960, in a divorce suit filed by Florence M. Fagan, that court entered a decree of divorce. The decree found that the plaintiff, Florence Mae Fagan, was the innocent and injured party and entitled to the relief prayed for. At the hearing on the motion to dismiss in the

case at bar, the plaintiff admitted in open court that she was the Florence Mae Fagan referred to in the .1960 decree of divorce. In such decree it was specifically adjudged that the bonds of matrimony theretofore contracted between Mr. and Mrs. Fagan were dissolved. We are not concerned with the provisions in the decree relating to child custody and support.

It therefore unquestionably appears that by the divorce decree in 1960 the circuit court of Clay County, Missouri, dissolved any and all marital relationship between Florence M. Fagan and William E. Fagan, Sr. That decree has long since become final as to the question of divorce. Since that date, there has been no marital relationship between the two parties in the case at bar. Mrs. Fagan, since that time, has been an unmarried woman, a femme sole. Consequently there is at present no more existing relationship between Florence M. Fagan and William E. Fagan, Sr., than there is between any other two unmarried individuals.

In this proceeding, the plaintiff makes some complaint as to the authenticity of the purported signature of the judge who rendered the 1960 decree of divorce. It is not clear where she saw this signature but apparently it was on some copy of the decree. Such question is immaterial in this case. The circuit court of Clay County, Missouri is a court of record and such courts speak only through their records. The official record of the circuit court was introduced in evidence at the hearing on the motion to dismiss and is contained in the transcript filed by plaintiff on this appeal. It shows without a shadow of a doubt that a valid final divorce decree was entered in 1960 and that since that time there has been no relationship, marital or otherwise, between the two parties. Since there was no existing relationship between the parties, there was nothing upon which a second decree of the circuit court could act. The court cannot dissolve that which does not exist. As a consequence, there was nothing for the court to do other than dismiss plaintiff's petition because such petition asks the court to free her from the bonds of matrimony when, in fact, she was not bound by any such bonds.

The order of the trial court dismissing plaintiff's petition was based upon a determination that no bonds of matrimony existed between the parties. On this appeal, we have carefully examined the record and we independently have determined that any bonds of matrimony which may have existed between the parties were effectively, finally and forever dissolved by the divorce decree of 1960. That which plaintiff sought by her petition has long since been accomplished and nothing exists which could be affected by any decree at this time.

Therefore, the order of the trial court dismissing plaintiff's petition is affirmed.

All concur.